**Hattie LAMBERT, Plaintiff,**

v.

**GOLD KIST, INC., Defendant.**

**Civ. A. No. 86–G–1013–S.**

United States District Court,
N.D. Alabama, S.D.

Nov. 14, 1986.

---

Hattie Lambert, pro se.

William K. Thomas, Wesley C. Redmond, Cabaniss, Johnston, Gardner & O'Neal, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

This cause is before the court on motion for summary judgment filed by the defendant, Gold Kist, Inc. Plaintiff Hattie Lambert commenced this action pro se against defendant for breach of an employment contract. In her complaint, plaintiff alleges insufficient wages in light of the difficulty of her work. She also alleges an improper withholding of some portion of her wages. By this motion for summary judgment, defendant avers that there is not a genuine issue of material fact and that defendant is entitled to judgment as a matter of law.

Plaintiff was employed by the defendant from February 5, 1986, to February 28, 1986. Thereafter, plaintiff filed her complaint pro se, which states: "The work is so hard it is worth more than that. They took my money when I first start there. I need my money like anyone else." This evidence is not in dispute. The defendant's Human Resources Manager, John Harmon, stated in his affidavit that plaintiff has never attempted to utilize the contractual remedies procedure in the collective bargaining agreement between plaintiff and defendant.

Plaintiff's complaint raises a dispute which is properly and directly addressed by her collective bargaining agreement with the defendant. First, she alleges insufficient pay due to the difficulty of her work. The wage rates schedule, including that for new employees such as the plaintiff, is set forth in an appendix to Article VI of the collective bargaining agreement. Second, she asserts that the defendant improperly withheld wages from her initial paycheck. Defendant offers the undisputed contention that some of her pay was withheld to pay for tools and equipment. Article XV of the agreement, which addresses "Tools and Equipment" speaks to whether and when the employer or employee will pay for these items.

Because this dispute arises under the express provisions of the agreement, the plaintiff is required to follow the grievance procedure provided by the agreement. Found in Article XX, this standard provision initially controls "any dispute between the Company and any of the employees with reference to the proper interpretation or application of, or compliance with any of the provisions of this Agreement...." The provision then explains several steps by which the employer and the employee may resolve their differences. For the plaintiff's benefit, and not as an interpretation of this provision, these steps may be described as follows: Plaintiff first should try to settle the problem with her foreman. If the problem is not settled, plaintiff should put her claim in writing, sign it and have it presented to the superintendent. If she is not satisfied with how the superintendent handles the matter, she may take it up with the plant manager. She also may ask for her union's representative at this step. If the matter still is not resolved, then her union may request an arbitration.

However, if the time limits on each step are not obeyed, then the matter may not be subject to arbitration. Following an arbitration, plaintiff may then bring her claim to a court of law where the dispute will be resolved, unless the court finds that the arbitration is binding upon the plaintiff and defendant.

A plaintiff employee normally must pursue her claim under the grievance procedure in the collective bargaining agreement before she can bring suit for breach of contract. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 163, 103 S.Ct. 2281, 2289–90, 76 L.Ed.2d 476 (1983); *Vaca v. Sipes*, 386 U.S. 171, 184, 87 S.Ct. 903, 913, 17 L.Ed.2d 842 (1967); *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1224 (11th Cir.1985), *cert. denied* 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986); *Redmond v. Dresser Indus., Inc.*, 734 F.2d 633, 635 (11th Cir. 1984). The only evidence upon this issue is the affidavit of the defendant's Human Resources Manager, who states therein that plaintiff has never attempted to resolve her problem in accordance with the grievance procedure as described above. Exceptional circumstances which might excuse plaintiff from following this procedure are not apparent.

Because plaintiff must first raise her contractual dispute with the defendant Gold Kist under the grievance procedure, she cannot maintain her suit in this court. Summary judgment, therefore is improper and the merits of this case are not addressed. Pursuant to a separate order filed with this opinion, the case will be dismissed without prejudice to the rights of plaintiff.