**Charles J. BOURDA, Plaintiff,**

v.

**CALIBER AUTO TRANSFER OF ST. LOUIS, INC., Caliber Management, Inc., Caliber Auto Transfer Companies, Caliber Auto Transfer, Inc., and Scott Davenport, Defendants.**

**Civil No. 09–181–GPM.**

United States District Court, S.D. Illinois.

May 19, 2009.

Brian M. Wendler, Wendler Law P.C., Edwardsville, IL, for Plaintiff.

Christopher Sanders, William M. Lawson, Lowenbaum Partnership, St. Louis, MO, for Defendants.

## MEMORANDUM AND ORDER

MURPHY, District Judge:

Plaintiff Charles J. Bourda brings this action against Defendants Caliber Auto Transfer of St. Louis, Inc., Caliber Management, Inc., Caliber Auto Transfer Companies, Caliber Auto Transfer, Inc., and Scott Davenport in connection with the termination of Plaintiff's employment as a vehicle loader by Defendants. Plaintiff's complaint asserts claims for breach of contract, fraud, willful and wanton conduct, negligence, and violation of the Illinois Prevailing Wage Act, 820 ILCS 130/0.01 et seq.[1] Specifically, Plaintiff alleges that: Defendants terminated his employment on the false grounds that they had no work for him to do, when in fact the real reason for his termination was that Defendants wished to replace Plaintiff with cheaper immigrant labor; Defendants falsely represented to Plaintiff that he was hired and employed as a union laborer entitled to the protection of a collective bargaining agreement between Defendants and United Iron Workers Local 396 when in fact as a result of Defendants' failure to pay union dues on Plaintiff's behalf he was deprived of union representation; and Defendants falsely represented that Plaintiff voluntarily terminated his employment, with the result that Plaintiff was deprived of unemployment benefits. This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and has been removed to this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441. The case currently is before the Court on Plaintiff's motion for remand of the case to state court for want of federal subject matter jurisdiction (Doc. 17).

■ As an initial matter, the Court notes the familiar standard applicable to the removal of actions from state court to federal court. Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Disher v. Citigroup Global Mkts. Inc.*, 419 F.3d 649, 653 (7th Cir.2005), *vacated on other grounds*, 548 U.S. 901, 126 S.Ct. 2964, 165 L.Ed.2d 947 (2006). The party seeking removal has the burden of establishing federal jurisdiction. *See Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.* Put another way, there is a strong presumption in favor of remand. *See Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976). *See also Littleton v. Shelter Ins. Co.*, No. 99–912–GPM, 2000 WL 356408, at *1 (S.D.Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

---

1. The Court is not aware of any freestanding cause of action under Illinois law for willful and wanton conduct, which instead is merely an aggravating factor warranting the imposition of punitive damages for the commission of a tort, much in the same way that, as Baron Wolfe once quipped, gross negligence is merely negligence with the addition of a vituperative epithet. *See Archie v. City of Racine,* 847 F.2d 1211, 1219 (7th Cir.1988) (quoting *Wilson v. Brett,* [1843] 11 M. & W. 113, 116, 152 Eng. Rep. 737 (Rolfe, B.)). However, it is unnecessary for the Court to resolve the merits of Count III of Plaintiff's complaint.

■ In general, of course, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The usual test of whether an action arises under federal law for purposes of so-called "federal question" jurisdiction under Section 1331 is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 152–53, 29 S.Ct. 42, 53 L.Ed. 126 (1908). "[T]he paramount policies embodied in the well-pleaded complaint rule ... [are] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar,* 482 U.S. at 398–99, 107 S.Ct. 2425. Importantly, the well-pleaded complaint rule requires generally that a complaint state a claim for relief under federal law. As Justice Holmes explained, "A suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916). Restricting federal question jurisdiction to cases asserting claims for relief under federal law, in addition to preserving a plaintiff's right to choose his or her forum, also "severely limits the number of cases ... that may be initiated in or removed to federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The policy underlying the well-pleaded complaint rule of protecting the proper balance of power as between federal and state courts dovetails with the policy favoring narrow construction of removal. As a court of appeals in a sister circuit recognized, "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, ... which mandate strict construction of the removal statute." *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365–66 (5th Cir.1995).

■ In a limited class of cases an action may arise under federal law within the meaning of 28 U.S.C. § 1331 even if the complaint in the case asserts no claim for relief under federal law where state law is "completely preempted" by federal law. Complete preemption occurs when "the preemptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " *Nelson v. Stewart,* 422 F.3d 463, 466–67 (7th Cir. 2005) (quoting *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* at 467. "In such situations, the federal statute ... not only preempt[s] state law but also authorize[s] removal of actions that sought relief only under state law." *Id.* Complete preemption is a narrow exception to the well-pleaded complaint rule. The Supreme Court of the United States has found complete preemption as to only four federal laws: the Employee Retirement Income Security Act of 1974, *see Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66–67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); a treaty concerning Indian tribal land, *see Oneida Indian Nation of N.Y. v. Oneida County, N.Y.,* 414 U.S. 661, 681–82, 94 S.Ct. 772, 39

L.Ed.2d 73 (1974); the National Bank Act, *see Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8–11, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003); and the Labor Management Relations Act. *See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 559–60, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

■ In this case the precise issue raised by Defendants' notice of removal and Plaintiff's motion for remand is whether Plaintiff's common-law claims are completely preempted by the Labor Management Relations Act. Section 301 of the Labor Management Relations Act (also known as the Taft–Hartley Act), 29 U.S.C. § 185(a), mandates federal adjudication of all claims—including those ostensibly grounded in state law—that require substantial interpretation of a collective bargaining agreement for resolution. *See, e.g., Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985) (holding that Section 301 completely preempts any state-law "tort claim ... inextricably intertwined with consideration of the terms of [a] labor contract"); *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 104, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962) (recognizing the completely preemptive effect of Section 301); *Smith v. Colgate–Palmolive Co.*, 943 F.2d 764, 768 (7th Cir.1991) (citing *Lueck*, 471 U.S. at 213, 105 S.Ct. 1904) (Section 301 completely preempts state-law claims in both contract and tort "so long as the claim is one in which ... state ... law

purports to define the meaning of the contract relationship" under a collective bargaining agreement). The rationale behind complete preemption under Section 301 is that uniform federal interpretation of the terms of collective bargaining agreements will "promote the peaceable, consistent resolution of labor-management disputes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). *See also United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 864 (7th Cir.1998) (citing *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 501, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957)) (noting that Section 301, by authorizing federal courts to fashion a body of federal law with respect to the enforcement of collective bargaining agreements, "ensures uniform interpretation of such labor contracts and promotes peaceable resolution of legitimate labor disputes."). Of course, complete preemption does not mean that a plaintiff is without a remedy; it simply means that the remedy must be sought in federal court under federal law. *See Graf v. Elgin, Joliet & E. Ry. Co.*, 790 F.2d 1341, 1346 (7th Cir.1986) (stating that where a "worker is covered by a collective bargaining contract and therefore has a potential federal remedy, judicial or arbitrable, ... that remedy is exclusive; the worker has no state remedies."). *See also Rogers v. Tyson Foods, Inc.*, 308 F.3d 785, 789 (7th Cir.2002) (holding that the existence of a remedy under federal law is an indispensable prerequisite of complete preemption).[2]

---

2. Because complete preemption substitutes a federal remedy for a state remedy, it must be distinguished from so-called "field preemption" or "conflict preemption," whereby federal law simply extinguishes any remedy, federal or state. "[F]ederal preemption that merely serves as a defense to a state law action (sometimes called 'conflict preemption') does not confer federal question jurisdiction. Thus the defendant cannot cause a transfer to federal court simply by asserting a

federal question in his responsive pleading." *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995) (citations omitted). *See also Lister v. Stark*, 890 F.2d 941, 943 n. 1 (7th Cir.1989) ("[A] case must be remanded to state court if the sole basis for federal jurisdiction is a preemption defense and if the federal court finds that the preemption is insufficiently complete to confer federal question jurisdiction."); *Husko v. Geary Elec., Inc.*, 316

In evaluating the existence of complete preemption in this case, it is helpful to examine some leading cases concerning the preemptive effect of Section 301. In *Allis–Chalmers Corp. v. Lueck, supra*, an employee brought a state-law tort claim for bad faith handling of disability benefit payments due under a collective bargaining agreement. Because the claim was rooted in the collective bargaining contract and required interpretation of the contract's provisions, the Court held that the claim was federally preempted. The Court set out the following rule: "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of [a collective bargaining] agreement ..., that claim must either be treated as a [Section] 301 claim ... or dismissed as pre-empted by federal labor-contract law." 471 U.S. at 220, 105 S.Ct. 1904 (citation omitted). However, the Court limited its holding, stating, "Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by [Section] 301 or other provisions of the federal labor law." *Id.* at 211, 105 S.Ct. 1904. "In extending the pre-emptive effect of [Section] 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Id.* at 212, 105 S.Ct. 1904. The Court, in "emphasizing the narrow focus of [its] conclusion," went on to say that it did not "hold that every state-law suit asserting a right that relates in some way to a provision in a collective-bargaining agreement, or more generally to the parties to such an agreement, necessarily is pre-empted by [Section] 301." *Id.* at 220, 105 S.Ct. 1904. Rather, "[t]he full scope of the pre-emptive

effect of federal labor-contract law remains to be fleshed out on a case-by-case basis." *Id.*

The "fleshing out" of the scope of complete preemption under Section 301 anticipated in *Lueck* came in *Caterpillar Inc. v. Williams, supra*. The *Caterpillar* case involved employees covered by a collective bargaining agreement who were laid off even though their employer had allegedly made representations assuring them job security. The employees sued for breach of their individual employment contracts, fraud, and other tortious conduct. The unanimous Court held that the state-law claims were not completely preempted by Section 301 because that statute controls only "[1] claims founded directly on rights created by collective-bargaining agreements, and ... [2] claims 'substantially dependent on analysis of a collective-bargaining agreement.'" 482 U.S. at 394, 107 S.Ct. 2425 (quoting *International Bhd. of Elec. Workers, AFL–CIO v. Hechler*, 481 U.S. 851, 859 n. 3, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987)). The Court explained that the employees' power to assert claims based upon preexisting oral contracts with their employer was not abrogated simply because they were also covered by a collective bargaining agreement at the time of the layoff. "[I]ndividual employment contracts are not inevitably superseded by any subsequent collective agreement covering an individual employee, and claims based upon them may arise under state law." *Id.* at 396, 107 S.Ct. 2425. Thus, "a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights independent of that agreement, including state-law contract rights, so long as the contract relied upon is not a collective-bargaining agreement." *Id.* (emphasis omitted). *Cf. Lingle*, 486 U.S. at 405,

F.Supp.2d 664, 670 (N.D.Ill.2004) ("Conflict preemption is ... nothing more than an affir-

mative defense that does not trump the well-pleaded complaint rule.").

108 S.Ct. 1877 (the Court unanimously held that an employee's state-law claim for retaliatory discharge was not preempted by Section 301 because it was not necessary to interpret the terms of a collective bargaining agreement to establish the elements of the plaintiff's state-law tort); *Hechler*, 481 U.S. at 859, 107 S.Ct. 2161 (an employee's state-law tort claim was held to be clearly preempted by Section 301 because the claim was based directly upon violations of a collective bargaining agreement and resolution of the claim required interpretation of the agreement's terms); *Douglas v. American Info. Techs. Corp.*, 877 F.2d 565, 570 (7th Cir.1989) ("If adjudication of the state-law claim does not require a court to interpret any term of a collective bargaining agreement, then that state-law claim is not preempted by section 301.").

■ In this case the parties appear to be in agreement that Plaintiff is not covered by a collective bargaining agreement and it is difficult therefore to see what remedy Plaintiff may be entitled to under the Labor Management Relations Act.[3] Furthermore, the alleged misrepresentations giving rise to this case are independent of the terms of any collective bargaining agreement, and resolution of the claims arising from those misrepresentations will require no interpretation of such an agreement. Accordingly, the Court finds that Plaintiff's claims are not completely preempted by Section 301. *See Varnum v. Nu–Car Carriers, Inc.*, 804 F.2d 638, 640 (11th Cir.1986) (holding that alleged misrepresentations regarding seniority were independent of a collective bargaining

agreement and did not give rise to complete preemption); *Anderson v. Ford Motor Co.*, 803 F.2d 953, 957–59 (8th Cir.1986) (representations regarding "bumping" or layoffs did not give rise to complete preemption because they were independent of a collective bargaining agreement); *Malia v. RCA Corp.*, 794 F.2d 909, 911–13 (3d Cir.1986) (representations regarding promotion did not give rise to complete preemption); *Paradis v. United Techs., Pratt & Whitney Div.*, 672 F.Supp. 67, 70 (D.Conn.1987) (representations regarding termination were independent of a collective bargaining agreement); *Miller v. Fairchild Indus., Inc.*, 668 F.Supp. 461, 465–66 (D.Md.1987) (representations regarding job security); *Muenchow v. Parker Pen Co.*, 615 F.Supp. 1405, 1415–16 (W.D.Wis.1985) (representation that severance benefits would be exchanged for seniority rights). *Cf. Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249–50 (6th Cir.1986) (in a case decided before *Caterpillar* holding that fraud and misrepresentation claims were completely preempted under Section 301 because adjudication would require reference to and interpretation of the terms of a collective bargaining agreement); *Bale v. General Tel. Co. of Calif.*, 795 F.2d 775, 779–80 (9th Cir.1986) (same).

The Court's holding does not undermine the federal policy favoring uniform enforcement of collective bargaining agreements; rather, it merely allows an employee to bring a state-law claim in state court if the claim is not founded directly upon the terms of a collective bargaining agree-

---

**3.** Plaintiff concedes that if at some time he is required to amend his complaint to assert that he is covered by a collective bargaining agreement, this could operate to make the case removable at that time. *See* 28 U.S.C. § 1446(b) (providing that a notice of removal may be filed within thirty days after a defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."); *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir.1998) (holding that an order granting leave to amend a complaint to present a claim arising under federal law is other paper authorizing removal).

ment. *See Caterpillar*, 482 U.S. at 396, 107 S.Ct. 2425 (citing *Lueck* ) ("[A] plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights independent of that agreement[.]") (emphasis omitted). Here, there is no direct challenge to any collective bargaining agreement, and the alleged misrepresentations about which Plaintiff complains were made independently of such an agreement. *See id.* Accordingly, Plaintiff's common-law claims based on those alleged misrepresentations are not completely preempted by Section 301. A different result might suggest that an employer can lie with impunity to an employee, then raise a collective bargaining agreement as a defense when the employee seeks to hold the employer to its word. In the Court's view, an employee should be entitled to sue in state court for misrepresentations made by an employer, so long as resolution of the employee's claim does not require interpretation of a collective bargaining agreement. *See id.* at 398–99, 107 S.Ct. 2425.

To conclude, Plaintiff's motion for remand of this case to state court is **GRANTED** (Doc. 17). Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**