EDWARD T. KILROY *vs.* JOHN J. BARRON.

Suffolk.    October 5, 1950. — November 14, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Deceit. Damages,* For tort. *Landlord and Tenant,* Termination of tenancy.
   *Pleading, Civil,* Declaration.

A cause of action for deceit was stated by a declaration alleging that
   the defendant knowingly made a false representation to the plaintiff,
   his tenant, that he desired the plaintiff's tenement for his own use, that
   such representation was made with intent that the plaintiff should act
   on it, that in reliance thereon the plaintiff vacated the tenement and
   entered into an agreement for judgment in an action of summary
   process brought by the defendant, that the defendant did not file the
   agreement for judgment, and that through the defendant's fraud the
   plaintiff was caused considerable expense.

TORT. Writ in the Superior Court dated January 5, 1949.
A demurrer to the declaration was heard by *Kirk,* J.

*F. W. Ziniti,* for the plaintiff.

*C. W. O'Brien,* for the defendant.

RONAN, J.    This is an action for deceit brought by a
former tenant of the defendant to recover damages because
of alleged fraud of the defendant which resulted in the
plaintiff's vacating his tenement. A demurrer, based upon
the ground that the matters alleged in the plaintiff's declara-
tion were insufficient in law to enable the plaintiff to main-
tain the action, was sustained, and the plaintiff appealed.

The declaration alleged that the plaintiff was a tenant of
the defendant on January 30, 1948, when a written notice
to quit was served upon him which stated that the defend-
ant desired to have the tenement "for family occupancy,"
which under the housing and rent act of 1947, U. S. C.
(1946 ed.) Sup. I, Title 50, Appendix, § 1899 (a), was ade-
quate cause for the defendant seeking to secure possession
of the premises; that the defendant knew that this state-
ment that he desired the premises for this purpose was
false and was made with intent that the plaintiff would act

Kilroy *v.* Barron.

upon it; that the plaintiff believed this statement to be true and relied upon it; that he did not ascertain its falsity until after he vacated the premises; that the defendant commenced an action of summary process in a District Court on March 2, 1948; that he continued to represent that he desired the premises for the aforesaid purpose; that as a result of said continuing representation the plaintiff was induced to enter into an agreement for judgment; that the defendant did not file the agreement for judgment; that the plaintiff vacated the tenement on December 1, 1948, because he believed the continuing representation of the defendant that he desired the possession of the tenement for his own use and was in fear of being forcibly evicted therefrom; that the defendant never intended to occupy the said tenement but in fact intended to sell the property and to use the vacated tenement as a means of facilitating the sale of the property; and that because of the defendant's fraud the plaintiff was caused considerable expense and great damage, as alleged in his writ.

To recover for that intentional fraudulent conduct of which the plaintiff complains, he must allege and prove that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his damage. *Alpine* v. *Friend Bros. Inc.* 244 Mass. 164. *Robichaud* v. *Owens-Illinois Glass Co.* 313 Mass. 583, 585. *McCarthy* v. *Brockton National Bank,* 314 Mass. 318, 326.

The misrepresentation of the defendant's proposed use of the plaintiff's tenement was a misrepresentation of a material fact, *Commonwealth* v. *Althause,* 207 Mass. 32, 47–48; *Dubois* v. *Atlantic Corp.* 322 Mass. 512, 520, which, it is alleged, was made with the intent that the plaintiff should rely upon it, and upon which the plaintiff did rely. *Matthews* v. *Bliss,* 22 Pick. 48, 53. *Butler* v. *Martin,* 247 Mass. 169, 173.

A plaintiff in an action for deceit is not entitled to nominal

damages merely by proving that the defendant perpetrated a fraud upon him, but in order to prevail he must allege and prove the nature and extent of damage which he contends resulted from the fraud. *Connelly* v. *Bartlett,* 286 Mass. 311. *Pearl* v. *Wm. Filene's Sons Co.* 317 Mass. 529, 532. We think that, as against a demurrer not directed to matters of form, the allegation in the plaintiff's declaration that he sustained considerable expense because of the defendant's fraud, although somewhat summarily stated, is a sufficient allegation of damage when considered with the other facts alleged, *Allen* v. *Truesdell,* 135 Mass. 75, *Peak* v. *Frost,* 162 Mass. 298; see *Bretta* v. *Meltzer,* 280 Mass. 573; *Strother* v. *Shain,* 322 Mass. 435, and goes farther than the allegations as to damage in *Berenson* v. *Mahler, ante,* 305, upon which the defendant relies, in that, as there pointed out, the allegations were not adequate to show that the expenditures made for the purposes alleged were not for the benefit and advantage of the plaintiff in that case or, in other words, that that plaintiff was put in any worse situation by reason of the defendant's fraud. *Connelly* v. *Bartlett,* 286 Mass. 311, 315. Here it is plain that the plaintiff's allegation of the incurring of expense was the equivalent of an averment that he sustained a loss. The method by which he suffered such loss was a matter of proof and not of pleading.

The instant case is distinguishable from *Gabriel* v. *Borowy,* 324 Mass. 231, and *Sher* v. *Perlman,* 324 Mass. 390, where there were lacking some of the elements necessary to set forth a cause of action for deceit. In *Noyes* v. *Shanahan,* 325 Mass. 601, a judgment for possession had been entered in the summary process proceeding. Here no judgment was entered, and the retention by the defendant of the agreement for judgment without filing it in court prevented the entry of any judgment in the District Court. *Pontiff* v. *Alexander,* 320 Mass. 514.

The order sustaining the demurrer is reversed, and an order is to be entered overruling the demurrer.

*So ordered.*