REINO NIEMI *vs.* GENRAD, INC. July 2, 1985. *Practice, Civil*, Summary judgment. *Contract*, Employment. *Workmen's Compensation Act*, Injuries to which act applies.

Niemi's complaint alleged that GenRad, his former employer, broke his employment contract by firing him for excessive absenteeism following a work-related injury to his wrist. GenRad's answer denied the existence of an employment contract that prohibited Niemi's discharge in the circumstances alleged. GenRad then moved for summary judgment (Mass.R.Civ.P. 56[c], 365 Mass. 824 [1974]) on the ground that "Niemi's receipt of workmen's compensation benefits . . . bars this action." In none of the documents supporting this motion did GenRad controvert Niemi's allegation that there existed an employment contract that rendered his discharge unlawful. The motion judge allowed GenRad's motion and entered judgment for the defendant. In addition, on GenRad's motion, he awarded that company $1,000 in attorney's fees and costs. From the allowance of both motions Niemi appeals. We reverse in part.

The appeal presents two questions of law. The first is whether Niemi's receipt of workers' compensation benefits for his wrist injury bars his breach of employment contract action against GenRad. Because of the procedural posture of this case, the terms of that contract are unknown. However, we can readily envision provisions that would guarantee an employee pension rights, benefits, or compensation in addition to those to which he is entitled under the workers' compensation act. Counsel have not adverted to, nor have we found, cases holding that an employee's receipt of benefits under the Act per se deprives him of benefits to which his employment contract entitles him. The entitlement, it seems to us, depends upon the terms of the employment contract itself.

The Supreme Judicial Court has held that "private contractual disability plan[s]" cannot operate to impair workers' compensation benefits. *Gould's Case*, 355 Mass. 66, 72 (1968). See also G. L. c. 152, § 46. *Gould's Case*, which shields the rights of injured employees under the statute, cannot be used as a sword to cut off contractual benefits in excess of those guaranteed by the statute. The workers' compensation act must be liberally construed for the protection of the injured employee. *Roberge's Case*, 330 Mass. 506, 509 (1953). Therefore, the exclusivity provisions of the Act, G. L. c. 152, §§ 23, 24, do not preclude an action seeking damages for contractual benefits wrongfully denied.

Niemi's complaint alleges, "As a result of the defendant breaking its employment contract with the plaintiff, the plaintiff has sustained a great loss of income and earning capacity, a loss of valuable employee benefits and has suffered emotional distress." The loss of income and benefits flowing from the breach may be recovered in an action at law. However, any emotional distress occasioned by the breach is a "personal injury" within the meaning of the Act. Summary judgment dismissing this element of Niemi's claim was proper. See *Simmons* v. *Merchants Mut. Ins. Co.*, 394

Mass. 1007, 1007-1008 (1985). "[T]he key to whether the Workmen's Compensation Act precludes a common law right of action lies in the nature of the injury for which plaintiff makes claim, not the nature of the defendant's act which the plaintiff alleges to have been responsible for that injury." *Foley* v. *Polaroid Corp.*, 381 Mass. 545, 553 (1980), quoting from *Gambrell* v. *Kansas City Chiefs Football Club, Inc.*, 562 S.W.2d 163, 168 (Mo. App. 1978).

At oral argument, GenRad alternatively contended that, because Niemi did not oppose the company's rule 56 motion with affidavits or other materials proving the existence and terms of the contract sued upon, GenRad should prevail without reference to the workers' compensation issue. The company's argument overlooks the fact that GenRad, as the party moving for summary judgment, did not controvert Niemi's allegation that enforceable contractual rights existed. The moving party must "show by credible evidence from [its] affidavits and other supporting materials that there is no genuine issue of material fact . . . . The inference to be drawn from the burden placed on the moving party is that [its] failure to establish the absence of a genuine issue of material fact must, *without more from his opponent*, defeat his motion." *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 (1976) (emphasis supplied). See also *Davidson Pipe Supply Co.* v. *Johnson*, 14 Mass. App. Ct. 518, 522-524 (1982); *Berrios* v. *Perchik, ante* 930 (1985); *Johnson* v. *Chateau De Ville, Inc., ante* 933 (1985). Decisions applying Fed.R.Civ.P. 56(c) are not to the contrary.[1] See, e.g., *Adickes* v. *S.H. Kress & Co.*, 398 U.S. 144, 157-161 (1970); *Brunswick Corp.* v. *Vineberg*, 370 F.2d 605, 611-612 (5th Cir. 1967); *Season-All Indus., Inc.* v. *Turkiye Sise Ve Cam Fabrikalari, A.S.*, 425 F.2d 34, 40 (3d Cir. 1970); *Gray* v. *Greyhound Lines, East*, 545 F.2d 169, 174 (D.C. Cir. 1976); *National Assn. of Govt. Employees* v. *Campbell*, 593 F.2d 1023, 1027 (D.C. Cir. 1978); *Impossible Electronics Techniques, Inc.* v. *Wackenhut Protective Syss., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *Sheet Metal Workers' Intl. Assn.* v. *NLRB*, 716 F.2d 1249, 1254 (9th Cir. 1982).

It was open to GenRad, by affidavit or otherwise, to offer facts that controverted Niemi's allegations concerning the existence of a contract and its breach. That GenRad did not do. Although this appeal might well have been avoided had Niemi drawn the motion judge's attention to the substance of his claim, our rules do not require the party opposing a rule 56 motion to controvert facts that the motion itself does not put in issue.

---

[1] "The interpretation given to a Federal rule is to be applied to its Massachusetts counterpart, 'absent compelling reasons to the contrary or significant differences in content' . . . . Here the wording of the rules is identical." *Burger Chef Syss., Inc.* v. *Servfast of Brockton, Inc.*, 393 Mass. 287, 289 n.3 (1984), quoting from *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 180 (1975).

Accordingly, the part of the judgment that dismissed the plaintiff's emotional distress claim is affirmed. The remainder of the judgment is reversed. The order allowing the defendant's motion for attorney's fees is vacated.

*So ordered.*

*Robert E. Grandfield* for the plaintiff.
*Merriann M. Panarella* (*Linda Ouellette* with her) for the defendant.