FRANCIS J. MONACO *vs.* LOMBARD BROTHERS, INC. June 18, 1987. *Practice, Civil,* Summary judgment. *Contract,* What constitutes, Employment, Consideration, Collective bargaining contract. *Labor,* Collective bargaining, Federal preemption.

The plaintiff has appealed from the entry in the Superior Court of a summary judgment dismissing an action in which he claimed breach of an oral contract for full time employment, and from the denial of his motion to vacate the judgment. The defendant advanced two grounds for allowance of the motion for summary judgment: (1) lack of consideration to support a contract; and (2) that any contract claim was preempted by Federal labor law. The judge granted the motion on a ground not addressed by either party in submissions on the motion, namely, that no promise was given by the defendant to the plaintiff. In the circumstances, he should not have done so without giving the parties the opportunity to address the question. See *Gamache* v. *Mayor of No. Adams,* 17 Mass. App. Ct. 291, 295-296 (1983); *Niemi* v. *GenRad, Inc.,* 20 Mass. App. Ct. 948, 949 (1985); Smith & Zobel, Rules Practice § 56.6 (1977 & Supp. 1987). However, the judge reconsidered the question on the plaintiff's motion to vacate the judgment. On appeal, the defendant argues that there was no genuine issue of fact as to whether a promise was made to the plaintiff or whether any promise was supported by consideration. In addition, the defendant contends that the action is preempted by Federal labor law.

The defendant, as the moving party, had the burden of showing that there was no genuine issue of material fact, see *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 554 (1976), without regard to who would have the burden of persuasion on an issue at trial. See *Attorney Gen.* v. *Bailey,* 386 Mass. 367, 371, cert. denied sub nom. *Bailey* v. *Bellotti,* 459 U.S. 970 (1982). The defendant failed to meet that burden. The action was not preempted by Federal labor law. We reverse.

1. The material before the judge on the motion for summary judgment and on the motion to vacate did not foreclose a factual dispute as to a sufficient promise by the defendant of full time employment for the plaintiff. See *Community Natl. Bank* v. *Dawes, supra.* In his deposition testimony the plaintiff stated that on several occasions he was unequivocally promised full time employment by persons involved in the management of the defendant. In light of that testimony the judge's exclusive reliance in his ruling on the motion to vacate on the one statement of the plaintiff that he had been told by a representative of the defendant — "The same statement as always. 'We're considering putting you on next' " — was misplaced. In the absence of an election (which the plaintiff did not make), it would be for the fact finder to choose from conflicting statements. See *Anthony's Pier Four, Inc.* v. *Crandall Dry Dock Engrs., Inc.,* 396 Mass. 818, 827 (1986).

2. On the materials before the judge there was also a genuine issue of fact as to whether the plaintiff furnished consideration for any promise by the defendant of full time employment. In ruling on a defendant's motion for summary judgment, all of the facts in the plaintiff's affidavit are to be taken as true and inferences in favor of the plaintiff are to be drawn. See *Coveney* v. *President & Trustees of the College of the Holy Cross,* 388 Mass. 16, 17 (1983).

The parties stipulated that when full time employees were needed there was no public announcement but selection was made from a list of spares. The defendant maintained a list of from ten to fifteen spares. During the relevant time period, five full time employees had been hired from the list of spares. In all the circumstances, it may fairly be inferred that implicit in any promise of full time employment to the plaintiff was an invitation to accept by continuing to perform as a spare. It may likewise be inferred that the plaintiff understood what performance was expected. In his affidavit, the plaintiff stated that he gave the defendant preference for his services as a spare employee (one who works from time to time on an as-needed basis and is paid an hourly wage) over others for whom he similarly worked, and, on about twenty occasions, he cancelled previous work commitments to others in order to work for the defendant because of the defendant's promise of full time employment. A contract may be "inferred from the conduct of the parties and from the attendant circumstances." *Grant* v. *Carlisle,* 328 Mass. 25, 29 (1951). Thus, a finder of fact could conclude

that a bargain had been struck and that the plaintiff had provided consideration for the defendant's promise.[1] See *Loranger Constr. Corp.* v. *E. F. Hauserman Co.*, 376 Mass. 757, 762-763 (1978); Restatement (Second) of Contracts §§ 17 & 72 (1981). "The law is not concerned with the adequacy of the consideration as long as it is 'valuable.'" *V. & F. W. Filoon Co.* v. *Whittaker Corp.*, 12 Mass. App. Ct. 932, 933 (1981), and cases cited.

3. At the relevant times, the plaintiff was a member of Local 25 of the International Brotherhood of Teamsters. As a spare or "casual" employee, he was subject to the provisions of a national and a New England collective bargaining agreement. The defendant argues that the plaintiff's contract claim is thus preempted by § 301 of the Labor Management Relations Act. 29 U.S.C. 185(a) (1982).[2] On the record before us (we do not have the complete text of the agreements), we disagree. The scope of the preemptive effect of § 301 has recently been addressed by the Supreme Court. "We . . . hold that when resolution of a state-law claim is substantially dependent upon analysis of the terms of [a collective bargaining] agreement made between the parties to a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law" (citation omitted). *Allis-Chalmers Corp.* v. *Lueck*, 471 U.S. 202, 220 (1985). Such is not the case here. It is enough to say that summary judgment would be inappropriate on the preemption ground as the plaintiff's claim is for breach of an oral contract, and that claim does not substantially depend upon an analysis of those parts of the collective bargaining agreements which appear in the record. See *Malia* v. *RCA Corp.*, 794 F.2d 909, 911-913 (3d Cir. 1986).

*Judgment reversed.*

*Paul A. Manoff* for the plaintiff.
*Marshall F. Newman* for the defendant.

---

[1] Indeed, in its answers to interrogatories (the record is unclear whether they were before the judge) the defendant stated as a reason for not hiring the plaintiff on a full time basis that he was often not available for work as a spare.

[2] "Suits for violation of contracts between an employee and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties. . . ."