DEBORAH WEEKS & others *vs.* ROBERT CALNAN. No. 94-P-1819. December 1, 1995. *Contract*, Performance and breach. *Negligence*, Causation, Duty to warn.

A judge of the Superior Court allowed the defendant's motion for summary judgment, and the plaintiffs appeal. As contended for by them, the facts were these. The plaintiff, Deborah Weeks (the tenant), had obtained rental assistance housing from the defendant through the Plymouth Housing Authority for herself and her three children. Under the lease, the authority was to pay $936 monthly and the tenant $26. Although the lease forbade the landlord to impose any other charges on the tenant, the defendant sought an additional $110 per month, which was camouflaged as a furniture lease to circumvent the restriction in the authority lease. The tenant agreed to the payment and signed the furniture lease. She did not need the furniture in the house, however, and asked the landlord to remove it. He said that he would but that he would leave it there for a few days "to make it look good" in the event that someone from the authority should make a visit. Two months later, after repeated attempts to have the landlord remove a large, circular oak table, the tenant attempted to move it to a porch. She removed the legs, then rolled the heavy table top toward

the porch. When she pushed it over the threshold to the porch, she lost control. The table top "kind of flopped around like a quarter or dime would do when you spin them" and landed on her foot. The tenant (for her injury) and her children (for loss of consortium) sought damages in the amount of $1.4 million, collectively, from the defendant.

The judge did not err in ordering judgment for the defendant. Reprehensible as his alleged conduct in extorting extra charges was, it had nothing to do with the accident. The duty that the tenant claims he had, namely, to move the table out, was not the result of a lease which, on its face, called for him to leave the listed furniture there. If the alleged duty arose from the lease of the premises (the authority lease), its violation was a breach of contract. "The general rule is that in an action of contract the damages must be the direct, natural result of the breach, and to have been in the contemplation of the parties when the contract was made as the probable result of such breach." *Greany* v. *McCormick*, 273 Mass. 250, 253 (1930). Viewed as negligence, it was perhaps foreseeable that the defendant's failure to remove the table might lead the tenant to resort to self-help but not that she would attempt the move, unaided, in an unsafe manner. Her decision to undertake the move by herself must be regarded as an independent, intervening force, breaking the chain of causation between the defendant's alleged breach of duty and the tenant's injury. Contrast *Roberts* v. *Southwick*, 415 Mass. 465, 472-473 (1993). Unlike the dangerously stacked sheetrock in that case, there is nothing intrinsically dangerous about a large piece of furniture that needs moving. Nor is there any duty to warn of dangers obvious to persons of average intelligence. *Thorson* v. *Mandell*, 402 Mass. 744, 749 (1988).

*Judgment affirmed.*

*Matthew J. Dupuy* for the plaintiffs.
*Paul R. Matthews* for the defendant.