Lauriat, Peter M., J.
In this negligence action, James Johnson (“Johnson”), seeks to recover damages from his former landlord, Pompeo Rufo (“Rufo”), for injuries he suffered while using a power table saw inside his apartment in Rufo’s apartment building. The complaint asserts breach of warranty of habitability (Count I), failure to make repairs (Count II), G.L.c. 93A violations (Count III), negligence (Count IV), and failure to provide workers’ compensation insurance (Count V). Rufo has moved for summary judgment on all counts. For the following reasons, Rufo’s summary judgment motion is allowed. Rufo’s motion to strike certain of the materials Johnson submitted in opposition to Rufo’s summary judgment motion is also allowed.
BACKGROUND
The summary judgment record reveals the following undisputed material facts. At all pertinent times, Johnson resided with his girlfriend in an apartment in Allston, Massachusetts, that Rufo had rented to her under a written lease. During Johnson’s occupancy, he completed various manual tasks for Rufo in exchange for a rent reduction. These jobs included yard work, lawn-mowing, painting, and refuse disposal.
On March 9, 2005, Johnson was repairing the cove base of a wall in his apartment. Although Rufo had asked Johnson to perform this job, the two never discussed the amount of rent reduction nor the manner in which Johnson was to complete the task. Johnson provided his own tools and materials, including the plywood to be used in the replacement.[1]
One of the tools Johnson used was a power table saw that he had purchased earlier at a local hardware store. In his deposition, Johnson admitted to having used the table saw three times before the incident. Johnson also admitted to having read the manual and to having realized that the table saw’s protective blade guard was missing.[2] Nevertheless, he proceeded to use the table saw for the cove base project and ultimately severed two of his fingers with it. Johnson would not have suffered the amputations had the saw been equipped with a protective guard. Rufo was neither present at the time of the incident nor was he aware that Johnson was performing the job on that particular day. Rufo did not order Johnson to use the table saw. In fact, Rufo did not know that Johnson owned a table saw.
Johnson was familiar with power tools. Apart from the table saw in question, he had experience with circular saws and electric drills. As part of his vocational training in carpentry, sheet metal and auto mechanics, Johnson had learned to properly and safely use table, circular, and radial arm saws. Johnson was well aware of the importance of keeping his fingers away from the blade.
On March 26, 2005, the Commissioner of the In-spectional Services Department of the City of Boston adjudged the apartment in violation of the state sanitary code’s minimum standards of fitness for human habitation. The defective cove base was among the eight violations that the inspector noted.
On November 29, 2005, Johnson filed the present action. Process was originally served on Rufo on December 28, 2005. Rufo died on May 28, 2006 and his insurer was not served with the complaint until August 7, 2007.[3] After discovery, Rufo moved for summary judgment.
In addition to the summary judgment motion, Rufo has filed a motion to strike certain materials Johnson submitted in his opposition. Rufo first seeks to strike the affidavit of Johnson’s sister, Dorothy Jean Simmons (“Simmons”), in which she states:
2. My brother . . . has cognitive disabilities. My brother is mentally very slow.
3. My brother cannot read and write.
4. My brother has difficulty understanding conversations and has difficulty answering questions.
5. My brother speaks very slowly and uses simple words.
6. When you speak to my brother, it is very apparent that he is mentally very slow.
7. If you spend any time with my brother, it is very apparent that he has special needs.
Rufo also seeks to strike all sixty-nine paragraphs in Johnson’s affidavit.
DISCUSSION
I.
A.
As a preliminary matter, Simmons’s affidavit must be stricken because its statements are inadmissible. Under Mass.R.Civ.P. 56(e), affidavits supporting or opposing a motion for summary judgment “shall be made on personal knowledge, shall set forth such facts *227 as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” Simmons’s affidavit contains irrelevant statements because Johnson’s alleged cognitive disabilities do not relate to his claims for warranty of habitability, failure to make repairs, violations of c. 93A, negligence, or failure to provide workers’ compensation. Further, Simmons is not competent to testify to Johnson’s alleged cognitive disabilities. Therefore, Simmons’s affidavit is stricken.
B.
As to Johnson’s affidavit, most of its statements must be stricken on one or more of three grounds. First, paragraphs five to fifteen, which discuss Johnson’s special needs and his employment history, are irrelevant. Paragraphs fifty-three to sixty-one of his affidavit, which pertain to Johnson’s prior handyman tasks but not the disputed cove base job, are also irrelevant. Similarly, paragraph sixty-three of the affidavit, which states that Johnson has never owned a business, has no relevance to the present action.
Second, paragraphs twenty-six and thirty-one of the affidavit are stricken because they contain con-clusory statements. Neither paragraph explains why the “apartment was in bad condition” or describes how the “air was bad.” Third, paragraphs three, forty-three, forty-four, and sixty-six of Johnson’s affidavit are stricken because they contradict Johnson’s prior deposition statements. See Ng. Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 647-648 (2002) (party cannot defeat summary judgment by submitting an affidavit that contradicts the party’s prior sworn statements and discovery responses); Conlantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir. 1994). Paragraph three of the affidavit is stricken because Johnson’s sworn deposition testimony indicates that he can read and write. Paragraph forty-three is stricken because Johnson admitted in his deposition that he, not Rufo, provided the plywood for the job. Paragraph forty-four is stricken insofar as it alleges that Rufo told Johnson when to start the cove base job and insofar as it alleges that Rufo provided the plywood. Lastly, paragraph sixty-six is stricken because Johnson admitted in his deposition that he had used a power saw before the incident.
II.
Turning to the merits of Rufo’s summary judgment motion, the court concludes that it must be allowed in its entirety. Summary judgment is appropriate when the summary judgment record shows that “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mass.R.Civ.P. 56(c); DuPont v. Commissioner of Corr, 448 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the action. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006). A dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving party. Fles-ner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. Jupin v. Kask, 447 Mass. 141, 143 (2006).
A.
Rufo first argues that Johnson may not recover damages in this action other than those for personal injury. Under G.L.c. 197, §9, “an executor or administrator shall not be held to answer to an action by a creditor of the deceased unless such action is commenced within one year after the date of the death of the deceased and unless, before the expiration of such period, the process in such action has been served ... upon such executor or administrator...” The purpose of this one-year limitation period is to expedite the settlement of an estate. See Department of Pub. Welfare v. Anderson, 377 Mass. 23, 28 (1979).
Here, Johnson did not satisfy the requirement of G.L.c. 197, §9 because he neither amended the complaint nor served it on Rufo’s representative within one year of Rufo’s death. See generally, Touzin v. Smith, 6 Mass.App.Ct. 641, 645 (1978) (recognizing right to amend complaint within limitation period to add deceased’s representative as defendant). Although Johnson initiated this action while Rufo was alive, the suit became a nullity once he died. See White v. Helmuth, 45 Mass.App.Ct. 634, 635 n.2 (1998) (“The doctrine of nullity states that a complaint brought against a deceased person ... is, in truth, brought against nobody”) (internal quotations omitted); see also Chandler v. Dunlop, 311 Mass. 1, 8 (1942) (nullity doctrine barred suit where sole party to original complaint had died). Johnson has not shown that he should be excused from the requirements of G.L.c. 197, §9. See G.L.c. 197, §10 (¿lowing plaintiffs to recover against deceased’s estate if he “is not chargeable with culpable neglect in not prosecuting his claim within the [limitation period]”); Parker v. Rich, 297 Mass. 11, 15 (1937) (burden is on creditor to establish timely commencement of action). Therefore, Johnson’s claims for damages not related to his personal injuries are barred.[4]
B.
Notwithstanding Johnson’s noncompliance with section nine, his personal injury claims against Rufo’s insurer survive. Under G.L.c. 197, §9A:
[A]n action for personal injuries ... if commenced more than one year after the date of death of the deceased, may be brought against said executor or administrator, provided that such action is commenced within three years next after the cause of action accrues, and provided further that any judgment recovered in any action so brought may be satisfied only from the proceeds of a policy of insurance or bond . . . *228 If an executor or administrator has not been appointed, then an action allowed under this section may be maintained ... naming the decedent as the defendant. In such event any service of process . .. shall be made upon the entity providing the insurance or bond.
Section 9A “was enacted to aid tort plaintiffs in the recovery of damages where the plaintiffs had failed to bring suit within the short one-year statute of limitations provided in §9, and where the real party in interest is the insurance company.” Cross v. Hewitt, 52 Mass.App.Ct. 538, 541 (2001).
Johnson’s personal injury action is not statutorily barred because he served Rufo’s insurer within three years of March 9, 2005, the date of his injuries. Presently, Rufo’s insurance company is the real party in interest because Johnson’s potential recovery can only be satisfied from the insurance proceeds of the policy covering the premises where the injuries occurred. See Tae v. Tae, 57 Mass.App.Ct. 297, 297 n.3 (2003) (recognizing G.L.c. 197, §9A allows personal injury plaintiff to maintain suit against deceased so long as deceased’s insurer is properly served). Therefore, Rufo can proceed under G.L.c. 197, §9A.
C.
However, Johnson’s action cannot survive summary judgment because Rufo did not cause Johnson’s injuries. The causation analysis must be based on the principles of negligence because the complaint assert claims for which the underlying basis is negligence. See e.g., G.L.c. 186, §19 (imposing reasonable care obligations on landlord’s duty to repair rented premises); Herman v. Admit One Ticket Agency LLC, 454 Mass. 611, 615 (2009) (c. 93A action requires “casual connection between the injury suffered and the defendant’s unfair or deceptive method, act, or practice”); Doe v. New Bedford Hous. Auth., 417 Mass. 273, 283 (1994) (action for breach of warranty of habitability rests on underlying negligence claim).
Establishing “proximate or legal cause of the injury” is a requirement in every negligence action. Kent v. Commonwealth, 437 Mass. 312, 320 (2002). Negligent conduct is the “proximate cause of an injury [if] . . . the injury was a foreseeable result of the defendant’s conduct.” Lieberman v. Powers, 70 Mass.App.Ct. 238, 243 (2007).
Causation normally presents a factual inquiry. Mullins v. Pine Minor College, 389 Mass. 47, 58 (1983). Here, however, Rufo did not cause Johnson’s injuries because the latter’s intervening conduct constituted the superseding cause of his harm. The intervening act of a party is a superceding cause that breaks off the chain of causation when the defendant could not have reasonably foreseen the occurrence of such act. Thus, the test of whether an independent intervening act interrupts the original chain of causation is the foreseeability of that act. Irwin v. Ware, 392 Mass. 745, 762 (1984). The definition of reasonable foreseeability is limited by “considerations of policy and pragmatic judgment.” Poskus v. Lombardo’s of Randolph, Inc., 423 Mass. 637, 640 (1996).
Although foreseeability is normally a question of fact, in some situations it can be addressed on summary judgment. See Sharpe v. Peter Pan Bus Lines, Inc., 401 Mass. 788, 797 (1988); Kaufman v. Boston Dye House, Inc., 280 Mass. 161, 169 (1932). In Weeks v. Calnan, 39 Mass.App.Ct. 933 (1995), the Appeals Court affirmed a Superior Court judge’s decision allowing summary judgment in favor of the defendant where the plaintiffs conduct was the “independent, intervening force, breaking the chain of causation between the defendant’s alleged breach of duly and the [plaintiffs] injury.” Id. at 934. The defendant in Weeks breached his duty of care by failing to remove heavy furniture from his tenant’s apartment. Id. at 933-934. The tenant hurt herself when she attempted to move the object on her own. Id. at 933. While the court acknowledged that “it was perhaps foreseeable that the defendant’s failure to remove the table might lead the tenant to resort to self-help . . . ,” the court concluded that the defendant could not have reasonably foreseen that the tenant “would attempt the move, unaided, in an unsafe manner.” Id. at 934.
Here, as a matter of law, Johnson’s conduct was a superseding cause because his injury was not foreseeable under the circumstances. Similar to the facts in Weeks, the summary judgment record here establishes that it was not foreseeable Johnson would use the power saw in an unsafe manner because he: (1) read the manual’s safety warnings, (2) saw the missing protective blade guard, and (3) appreciated the danger involved. This point echoes even more loudly when considering Johnson’s carpentry training and power tool familiarity. Therefore, Rufo is entitled to summary judgment because Johnson’s own conduct was the proximate or legal cause of his injuries.
ORDER
For the foregoing reasons, Defendant Pompeo Rufo’s Motion for Summary Judgment is ALLOWED. Defendant’s Motion to Strike Certain Materials Submitted by Plaintiff In Opposition to Defendant’s Motion for Summary Judgment is also ALLOWED.

 Contrary to his present contention, on at least six occasions in his deposition, Johnson admitted to having purchased the plywood.

Although Johnson’s sister submitted an affidavit stating that he is illiterate, Johnson admitted more than once to having read and understood the manual’s safely warnings, including instructions about keeping hands away from the blade.

As of the filing of the suggestion of Rufo’s death on October 10, 2006, his estate had not been probated.

Even if Johnson had complied with G.L.c. 197, §9, he has not established any pecuniary damages under the Complaint’s first four counts. As to the last count, Johnson is not entitled to workers’ compensation because he was not Rufo’s employee. See Case of Philips, 41 Mass.App.Ct. 612, 618 (1996) (workers’ compensation claim requires employ *229 ment relationship). Johnson had complete control over the cove base job because he used his own tools, provided the materials, and controlled the manner in which he accomplished the task. See Lyon v. Morphew, 424 Mass. 828, 835 (1997) (one is not employee if he is “entirely free to do the work his own way”).