NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-218

JOHN BOURGAULT

vs.

ROBERT HALBEN & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Bourgault, appeals from a summary judgment entered in the Superior Court in favor of the defendants, Robert Halben and Lori Anderson-Halben,[2] on all claims asserted in his complaint. We affirm.

Background. We summarize the facts from the summary judgment record, viewing them "in the light most favorable to the nonmoving party," Huang v. Ma, 491 Mass. 235, 239 (2023), here, the plaintiff.

_____

[1] Lori Anderson-Halben.

[2] As the defendants share a last name, we refer to them by their first names for clarity.

On March 10, 2020, the plaintiff visited the defendants' home to view a camper that they had listed for sale on Facebook Marketplace for $3,300. Robert showed the plaintiff around the camper and told him that "everything works with normal wear and tear." Robert pointed out some scratches on the exterior of the camper and told the plaintiff, "This is the only physical damage that I am aware of." He told the plaintiff that the camper was twenty years old, that the defendants were not its original owners, and that "the camper has never leaked for me but I cannot attest to the previous owner." The plaintiff put down a $400 deposit on the camper.

Two days later, the plaintiff returned to the defendants' home, viewed the camper again, and paid Robert the balance of the purchase price, which amounted to $2,900. Another two days after that, on March 14, Robert transported the camper to the plaintiff's home.

On March 28, two weeks after the camper had been delivered, when the plaintiff opened a window in the camper, the window handle fell off and the wall bowed outward. Upon further inspection, he discovered a strip of tape duct tape covering a seam in the wall. He found another strip of duct tape covering a seam behind a cabinet. Under the tape, he discovered dampness and rot in the camper's walls and ceiling. He eventually found significant water damage throughout the camper, including

2

"multiple patches . . . [of] wet, rotted, slippery and soft wood" on the roof. The defendants testified at their depositions that Lori had applied two layers of tape to seams in the wall and ceiling in 2016, or perhaps later, because the seams had separated and ants had entered the camper. Lori denied noticing any water damage or moisture when she taped the wall and ceiling.

The following June, the plaintiff climbed onto the camper's roof to inspect it and make repairs. He slipped and fell off the top of the camper, fracturing his orbital bone. He continues to suffer physical and mental symptoms related to the fall.

Discussion. 1. Sufficiency of the pleadings. A defendant may challenge the validity of the pleadings by moving to dismiss the plaintiff's claims under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). "However, a complaint is not properly challenged by a motion for summary judgment under [Mass. R. Civ. P.] 56[, 365 Mass. 824 (1974)]." Smith v. Massimiano, 414 Mass. 81, 85 (1993).

The plaintiff correctly argues that the defendants' motion for summary judgment is ineffective insofar as it attacks the sufficiency of the pleadings. See Smith, 414 Mass. at 85 ("defendants were not entitled to summary judgment on the ground that the complaint was defective"). Nevertheless, the judge's

3

summary judgment decision and the defendants' appellate brief properly "focuse[d] on the merits of the controversy." Finn v. National Union Fire Ins. Co. of Pittsburgh, Pa., 452 Mass. 690, 692 n.7 (2008). We therefore address the propriety of the allowance of summary judgment.

2. Summary judgment. "Summary judgment is appropriate where 'there are no issues of material fact, and . . . the moving party is entitled to judgment as a matter of law.'" Sourcing Unlimited, Inc. v. Cummings Props., LLC, 102 Mass. App. Ct. 653, 657 (2023), quoting Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002). "We review a decision to grant summary judgment de novo." Boazova v. Safety Ins. Co., 462 Mass. 346, 350 (2012).

Although the plaintiff's brief includes eight numbered issues, five of which have several subissues, his arguments in substance reduce to two points: first, the defendants failed to meet their evidentiary burden as to each of the plaintiff's claims, and second, the judge erroneously found that the plaintiff had not made out a prima facie case on any of his claims.

a. Defendants' motion. The plaintiff complains that granting summary judgment in favor of the defendants was reversible error where the defendants failed to support their summary judgment motion with depositions or affidavits. In a

4

case where, as here, the party opposing summary judgment "will have the burden of proof at trial," the movant "is entitled to summary judgment if he demonstrates, . . . that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case." Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Importantly, "[t]o be successful, a moving party need not submit affirmative evidence to negate one or more elements of the other party's claim." Id. "[T]he motion may, and should, be granted so long as whatever is before the [trial] court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56 (c), is satisfied." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. at 324, quoting Fed. R. Civ. P. 56 (c). See Kourouvacilis, supra at 713 & n.2 (interpreting Mass. R. Civ. P. 56 [c] consistently with Federal counterpart). Still, "the movant must discharge the burden the Rules place upon him: It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove

5

his case." Kourouvacilis, supra at 714, quoting Celotex Corp.,

supra at 328 (White, J., concurring).

The defendants' motion for summary judgment relied not only on the allegations in the plaintiff's complaint, but also on a joint statement of facts, the plaintiff's answers to interrogatories, and the plaintiff's medical records.[3] The plaintiff's opposition included a statement of additional facts, the plaintiff's affidavit, excerpts from the defendants' depositions, and photographs. Although the parties did not strictly comply with the Superior Court rules regarding summary judgment, the judge considered all the materials before him. We, too, consider the entire summary judgment record in our de novo review.

The plaintiff argues that the defendants' motion failed to address all of his claims and that it was error for the judge to grant summary judgment on grounds that had not been raised by either party, including whether Robert's statements constituted affirmative misrepresentation, whether the plaintiff's reliance

---

[3] The defendants also cited in their memorandum a video recording allegedly provided to them by the plaintiff during discovery, which they claim showed the plaintiff walking on the roof of the camper. The video recording was not submitted to this court, and the plaintiff insists that it was not produced below, either. As the availability of the video recording is not essential to our conclusion, we need not resolve this nonmaterial dispute.

on these representations was unreasonable as a matter of law, whether the plaintiff had a duty to inspect the camper, and whether the plaintiff could prove damages. Contrary to the plaintiff's assertion, at least two of these issues -- the reasonableness of the plaintiff's reliance on Robert's representations and his ability to produce evidence of damages -- were duly raised in the defendants' motion and discussed at the summary judgment hearing. But even if we agreed that the judge's summary judgment decision was based on factors not fully developed in the defendants' motion, this court has long recognized a judge's "power, sua sponte, to enter full summary judgment, provided that the parties had sufficient notice of his intention to do so, opportunity to submit affidavits, and a right to be heard on the matter." Gamache v. Mayor of N. Adams, 17 Mass. App. Ct. 291, 295 (1983). The defendants' motion and supporting materials were sufficient to put the plaintiff on notice that reliance and damages would be issues under consideration on summary judgment. The plaintiff also had an opportunity to be heard, and in fact was heard, on the remaining issues -- the plaintiff's memorandum addressed whether Robert's statements constituted affirmative misrepresentation and whether he had a duty to inspect the camper. These factors are essential elements of the plaintiff's claims. See Graphic Arts Finishers, Inc. v. Boston Redev. Auth., 357 Mass. 40, 44 (1970)

7

("elements necessary to maintain an action in deceit" include "defendant's knowledge of [statement's] falsity, . . . the defendant's intention to induce the plaintiff to act upon it, the plaintiff's reliance on the misrepresentation, and the harm suffered as a result"). See also Ravosa v. Zais, 40 Mass. App. Ct. 47, 54 n.12 (1996) ("Proof of damages flowing from the misrepresentations is essential to recovery"). The plaintiff had ample warning and every opportunity to address these questions. Contrast Monaco v. Lombard Bros., Inc., 24 Mass. App. Ct. 941, 941 (1987) (judge should not have granted summary judgment "on a ground not addressed by either party in submissions on the motion . . . without giving the parties the opportunity to address the question"). We discern no procedural or evidentiary issue that prevents us from reaching the merits.

b. Plaintiff's expectation of proving his claims. The plaintiff further argues that the judge erred in granting summary judgment in favor of the defendants because the record supports a prima facie case of fraud, negligence, and contract and quasi-contract.[4] Because the summary judgment record shows

_____

[4] We summarily dispose of counts III, VIII, and XI of the plaintiff's complaint, alleging fraudulent concealment or omission resulting in personal injury, quantum meruit, and agency, respectively. None of these concepts constitutes a cause of action. See Machado v. System4 LLC, 471 Mass. 204, 209-210 & n.11 (2015) (discussing agency as theory of liability); J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 793 (1986) ("Quantum meruit is a theory of recovery, not a cause

8

that the plaintiff had no reasonable expectation of proving essential elements of each of these claims at trial, the defendants were entitled to summary judgment on all counts. See Kourouvacilis, 410 Mass. at 716.

i. Fraud. Counts I, II, and V of the plaintiff's complaint advance claims against Robert for, respectively, fraud and deceit resulting in personal injury under G. L. c. 231, § 85J; intentional misrepresentation resulting in personal injury; and fraud in the inducement. These claims all sound in fraud. See Brewster Wallcovering Co. v. Blue Mountain Wallcoverings, Inc., 68 Mass. App. Ct. 582, 605 (2007) (equating intentional misrepresentation, common law fraud, and deceit); Commerce Bank & Trust Co. v. Hayeck, 46 Mass. App. Ct. 687, 692 (1999) ("To establish fraud in the inducement, . . . [plaintiff is] required to establish the elements of common law deceit"). To prevail on any of these claims, the plaintiff must be able to "prove that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of

_____

of action"); Salinsky v. Perma-Home Corp., 15 Mass. App. Ct. 193, 196 (1983) (fraudulent concealment tolls statute of limitations on cause of action). When the facts set out in a complaint "do not support any claim entitling the plaintiff to relief, . . . it is appropriate to allow a defendant's motion for summary judgment because, in those circumstances, there can be no genuine issue of material fact." Smith v. Commissioner of Mental Retardation, 409 Mass. 545, 547 (1991).

9

inducing the plaintiff to act thereon . . . ." Kilroy v. Barron, 326 Mass. 464, 465 (1950). The representation must concern a matter of fact that is "not merely a matter of opinion, estimate, or judgment, but is susceptible of actual knowledge." Snyder v. Sperry & Hutchinson Co., 368 Mass. 433, 444 (1975), quoting Chatham Furnace Co. v. Moffatt, 147 Mass. 403, 404 (1888). The plaintiff must also show "that the plaintiff relied upon the representation as true and acted upon it to his damage." Kilroy, supra. "Such reliance by the plaintiff must be reasonable." Masingill v. EMC Corp., 449 Mass. 532, 540 (2007). "Although usually a question for the jury, whether the plaintiffs' reliance was reasonable and justifiable can be a question of law where the undisputed facts permit only one conclusion." Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc., 455 Mass. 458, 474 (2009). Likewise, "[t]he determination whether a statement is a factual assertion or an opinion is a question of law if the statement unambiguously constitutes either fact or opinion," based on the language and the context in which it was used. Aldoupolis v. Globe Newspaper Co., 398 Mass. 731, 733 (1986).

The plaintiff argues that Robert falsely represented that the camper had no physical damage beyond visible scratches by telling him that "everything works with normal wear and tear," and stating, "The camper had never leaked for me." First, these

10

statements -- limited as they are to Robert's personal opinion of the camper's condition, and accompanied by an express disclaimer of any knowledge of the prior owner's experience -- do not constitute statements of fact, upon which the plaintiff could have relied, that the camper was free of water damage. See Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 438 Mass. 459, 468 (2003) (contemporaneous "qualifying language" renders reliance on statement "unreasonable as a matter of law").  Second, even if these statements could be construed as factual, the plaintiff has produced no evidence that Robert's statements were false, much less that he made them "with knowledge of [their] falsity for the purpose of inducing the plaintiff to act thereon."  Kilroy, 326 Mass. at 465.  The plaintiff has produced excerpts from the defendants' depositions, which establish that the defendants taped a seam on the wall of the camper around 2016; however, both defendants insisted that they were unaware of any water damage and that the tape was intended to keep out ants.  The plaintiff asks the court to speculate, based on the placement of the tape alone, that the camper had leaked while in the defendants' ownership. Pure conjecture does not stand up to a motion for summary judgment.  See LaLonde v. Eissner, 405 Mass. 207, 209 (1989) (party opposing summary judgment "cannot rest on his or her

pleadings and mere assertions of disputed facts to defeat the motion").

Most problematic for the plaintiff, however, is his claim that he "acted upon" Robert's representations "to his damage," Kilroy, 326 Mass. at 465; that is, that his fall from the roof of the camper can be traced to his reliance on Robert's statements. The plaintiff states in his affidavit that he discovered "significant rot" and other damage throughout the camper, including "multiple patches on the roof" of "wet, rotted, slippery and soft wood," after which he climbed onto the roof of the camper and sustained the fall. "The person claiming justifiable reliance is 'required to use his senses, and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he utilized his opportunity to make a cursory examination or investigation.'" Collins v. Huculak, 57 Mass. App. Ct. 387, 392 (2003), quoting Restatement (Second) of Torts: Representation Known to Be or Obviously False § 541 comment a, at 89 (1977). After the plaintiff discovered water damage to the camper, any reliance on Robert's assurances against leakage would have been plainly unreasonable. In the absence of any possibility that the plaintiff might prove this essential element of his fraud claims, summary judgment was properly granted for Robert on these counts.

12

On these grounds, we can also dispose of count X, alleging that Lori aided and abetted Robert's fraud. To prove this claim, the plaintiff must show, first, that Robert committed the underlying fraud. See Go-Best Assets Ltd. v. Citizens Bank of Mass., 463 Mass. 50, 64 (2012). Because the plaintiff failed to establish a genuine dispute of material fact on any of his fraud claims against Robert, the aiding and abetting claim against Lori does not survive summary judgment.

ii. Negligence. The plaintiff also alleges in count VI of his complaint that Robert negligently failed to disclose the condition of the camper prior to sale. Because "justifiable reliance is integral to a claim for negligent misrepresentation," Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 59 (2004), for the reasons already discussed, the plaintiff's argument is unavailing to the extent he argues Robert's representations constitute "false information for the guidance of others in their business transactions" supplied without "reasonable care or competence in obtaining or communicating the information." Cumis Ins. Soc'y, Inc., 455 Mass. at 471-472, quoting Nycal Corp. v. KPMG Peat Marwick LLP, 426 Mass. 491, 496 (1998).

Besides, the premise of the plaintiff's negligence argument -- that Robert's failure "to properly disclose the true condition of the camper" constituted a breach of his duty to the

13

plaintiff -- is unfounded.  A duty to disclose "arises only in a number of discrete situations," none of which is present here. Greenery Rehabilitation Group, Inc. v. Antaramian, 36 Mass. App. Ct. 73, 78 (1994).  See Restatement (Second) of Torts: Liability for Nondisclosure § 551 (1977).  In most cases, "[s]ilence does not constitute a basis for claiming fraud and misrepresentation, even where a seller may have knowledge of some weakness in the subject of the sale and fails to disclose it" (citation omitted).  Urman v. South Boston Sav. Bank, 424 Mass. 165, 168 (1997).  "Fragmentary information may be as misleading . . . as active misrepresentation, and half-truths may be as actionable as whole lies," but again, the plaintiff here has presented no evidence that Robert's behavior was "intentionally deceptive and fraudulent" so as to justify departure from the longstanding "rule of nonliability for bare nondisclosure" (citations omitted).  Kannavos v. Annino, 356 Mass. 42, 48-49 (1969).  Consequently, "the defendants were entitled to a judgment as a matter of law" on the plaintiff's claims sounding in negligence.  See Sullivan v. Five Acres Realty Trust, 487 Mass. 64, 75 (2021).

Because the plaintiff has no reasonable expectation of proving negligence, count VII -- alleging that Robert negligently inflicted emotional distress on the plaintiff -- also fails.  See Payton v. Abbott Labs, 386 Mass. 540, 557

14

(1982) ("plaintiff in order to recover for negligently inflicted emotional distress must prove . . . negligence").

iii. <u>Contract and quasi-contract</u>. The plaintiff also complains that the judge erroneously granted summary judgment on count IV, which alleges that Robert committed a breach of contract "by delivering a camper that was substantially damaged, leaking, wet and rotting," and that the plaintiff is therefore entitled to damages for the injuries he sustained in falling from the roof of the camper. As an initial matter, the plaintiff has no reasonable expectation of proving a breach of contract. Robert delivered a camper in exchange for $3,300, as promised. As the judge observed, the plaintiff cannot identify any term of the contract that Robert failed to perform. And, as discussed <u>supra</u>, none of Robert's qualified and conditional statements constituted an enforceable promise regarding the camper's condition.

In addition, a plaintiff's recovery in contract is limited to injuries that are "the natural and proximate consequences of the breach . . . Damages not directly traceable to the violation of the contract or which result from other causes are not allowed." <u>Stratton</u> v. <u>Posse Normal Sch. of Gymnastics</u>, 265 Mass. 223, 225 (1928). The plaintiff not only fails to identify a provision of the contract that Robert violated, but furthermore fails to trace his injuries back to any such

15

violation. The plaintiff's decision to climb onto the roof -- despite knowing it was damaged -- "must be regarded as an independent, intervening force, breaking the chain of causation between" the alleged breach of contract and the injuries the plaintiff sustained in the fall. Weeks v. Calnan, 39 Mass. App. Ct. 933, 934 (1995).

Count IX, alleging that Robert was unjustly enriched by the sale of the camper, is similarly unavailing. To withstand a motion for summary judgment, a claim of unjust enrichment must be accompanied by evidence of damages. See Tedeschi-Freij v. Percy Law Group, P.C., 99 Mass. App. Ct. 772, 780 (2021) (affirming summary judgment on unjust enrichment claim where "[a]part from [plaintiff's] supposition, there is no evidence, on this record, that [defendant] received any money or quantifiable benefit"). Nothing in the summary judgment record suggests that the twenty year old camper was worth any less than the $3,300 the plaintiff paid for it. Therefore, the plaintiff has no reasonable expectation of proving "not only that the defendant received a benefit, but also that such a benefit was unjust" -- essential elements of a claim for unjust enrichment. Metropolitan Life Ins. Co. v. Cotter, 464 Mass. 623, 644 (2013). In the absence of any reasonable expectation that the plaintiff

16

might prove the essential elements of his claims sounding in contract or quasi-contract, summary judgment was proper.

> Judgment affirmed.
>
> By the Court (Massing, Singh & Grant, JJ.[5]),
>
> *Paul Little*
>
> Clerk

Entered:  May 20, 2026.

---

[5] The panelists are listed in order of seniority.